IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WALLACE D. GILBERT,**

        **Petitioner,**

v.                                                 **Case No.: 1:23-cv-00200**

**WARDEN, FCI MCDOWELL,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Petitioner, Wallace D. Gilbert, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking a vacatur of his sentence. (ECF No. 1). Pending before the Court is Respondent's Response and Motion to Dismiss. (ECF No. 8). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**; Gilbert's petition, (ECF No. 1), be **DISMISSED**, without prejudice; and this matter be **REMOVED** from the docket of the court.

**I.**     **Relevant History**

On September 24, 2019, in the Middle District of Tennessee, Gilbert pled guilty to one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). (ECF No. 8 at 2). Gilbert was sentenced as an armed career criminal in accordance with

1

the Armed Career Criminal Act, 18 U.S.C. § 924(e), which provides a mandatory minimum sentence of 15 years' imprisonment for defendants convicted of violating § 922(g) who also have three or more prior convictions for violent felonies or serious drug offenses. Gilbert's presentence investigation report included six predicate convictions for the purposes of § 924(e): three Tennessee convictions for aggravated robbery, one federal conviction for bank robbery, one Tennessee conviction for the sale of cocaine, and one Tennessee conviction for the sale of more than .5 grams of a Schedule II controlled substance.[1] (ECF No. 8 at 4). On July 8, 2020, he was sentenced to 180 months' imprisonment. (ECF Nos. 1 at 1, 2 at 1). On March 5, 2021, Gilbert filed a § 2255 petition with the sentencing court, alleging ineffective assistance of counsel. (ECF No. 1 at 4). The sentencing court denied his petition on July 12, 2021. (*Id.*).

Gilbert filed the instant § 2241 petition and accompanying memorandum of law on March 11, 2023, arguing that two recent Supreme Court decisions—*United States v. Taylor*, 142 S. Ct. 2015 (2022) and *Shular v. United States*, 140 S. Ct. 779 (2020)— rendered him "actually innocent" of the armed career criminal sentencing enhancement. (ECF Nos. 1, 2). In *Shuler*, the Court held that, to qualify as a "serious drug offense" for purposes of § 924(e), a predicate state conviction need only match the conduct specified in § 924(e)(2)(A)(ii) and did not need to match any "generic offense" that may have been contemplated at the time the statute was enacted. *Shular,* 140 S. Ct. at 782. In *Taylor*, decided after Gilbert's § 2255 petition, the Court held that attempted Hobbs Act robbery

---

[1] Gilbert writes in his memorandum of law that his presentence investigation report listed five predicate convictions; however, his list omits one of the Tennessee aggravated robbery convictions. (ECF No. 2 at 5). Respondent stated in its Motion to Dismiss that it confirmed with the Supervisory U.S. Probation Officer from the Middle District of Tennessee that there were in fact six predicate convictions, including three state convictions for aggravated robbery. (ECF No. 8 at 11, n.4). The sentencing court also stated at Gilbert's sentencing hearing that he had six predicate convictions. (ECF No. 8-7 at 8).

2

does not qualify as a "crime of violence" under § 924(c)(3)(A), because none of its elements required the use, attempted use, or threatened use of force. *Taylor,* 142 S. Ct. at 2020–2021. Gilbert argues that, because *Taylor* was decided after his § 2255 petition, the instant petition meets the requirements of the savings clause, 28 U.S.C. § 2255(e), permitting him to proceed through § 2241. (ECF No. 2 at 2). Gilbert attaches the following to his memorandum of law: the judgement in his criminal case, case number 1:18-cr-00013-1 in the Middle District of Tennessee, (ECF No. 2-1 at 2–3); two separate sections of the Tennessee Code Annotated, which define aggravated robbery and Schedule II controlled substances, (*Id.* at 5, 7–10); and a copy of 21 U.S.C. § 802, which defines various terms used in the Controlled Substances Act, (*Id.* at 12–14).

On March 15, 2023, the undersigned entered an Order to Show Cause why Gilbert's requested relief should not be granted. (ECF No. 5). Respondent filed a Response and Motion to Dismiss on June 12, 2023. (ECF No. 8). Respondent argues that, even if the *Taylor* decision meant that Gilbert's three aggravated robbery convictions were no longer predicate offenses under § 924(e), Gilbert would still have three remaining predicate offenses that would qualify him as an armed career criminal—the two state drug convictions and the federal bank robbery conviction. (*Id.* at 12). Respondent also argues that, because *Shular* was decided before Gilbert's § 2255 petition, he cannot now raise *Shular* as a ground for relief, as it should have been included in his § 2255 petition. (*Id.* at 10). Respondent attaches the following to the response: Gilbert's initial indictment and superseding indictment, (ECF Nos. 8-1, 8-3); the docket sheet in the criminal case, (ECF No. 8-2); Gilbert's guilty plea petition and the sentencing court's guilty plea order, (ECF No. 8-4); the transcripts of the plea hearing and sentencing hearing, (ECF No. 8-5, 8-7); the judgment in his criminal case, (ECF No. 8-6); and various filings and orders regarding

3

Gilbert's § 2255 petition, (ECF Nos. 8-8, 8-9, 8-10, 8-11, 8-12, 8-13). On August 2, 2023, Gilbert filed a response to Respondent's Motion to Dismiss, restating the arguments made in his petition and memorandum of law. (ECF No. 10). With the undersigned's leave, (ECF No. 12), Respondent filed Supplemental Authority on August 24, 2023, which consisted of a copy of the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). (ECF No. 13).

## II. <u>Standard of Review</u>

Respondent included a motion to dismiss within the Response to Show Cause Order. (ECF No. 8). Therefore, the motion can be construed as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure as opposed to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, whether the Court considers the motion as a motion to dismiss or a motion for judgment on the pleadings, the distinction makes no practical difference as the same standard of review applies to either motion and both motions may be filed in habeas actions. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018). When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented

with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record" including documents from prior or pending court proceedings when resolving the motion without converting it into a motion for summary judgment. *Id*. In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, id., and "documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship*, 471 F.3d at 526 n.1).

### III. Discussion

A federal prisoner has two primary avenues for relief when challenging the legality of his conviction or sentence. Generally, if a prisoner seeks to challenge the *validity* of his conviction or sentence, he must do so through a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed in the court which sentenced him; if he seeks to challenge the *execution* of his sentence, he must do so through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed in the district of confinement. *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). Very limited circumstances exist in which a prisoner may be permitted to attack the validity of his conviction or sentence through a § 2241 petition in the district of confinement. Section 2255 contains a savings clause, which allows prisoners to proceed through § 2241 if for some reason § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 motions carry many restrictions that do not apply to § 2241 petitions and that incentivize prisoners to try to use the savings clause whenever possible. Relevant

here, § 2255(h) only permits second or successive motions if the motion includes (1) newly discovered evidence which would establish by clear and convincing evidence that no reasonable factfinder would have convicted him, or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Section 2255 does not permit second or successive petitions like Gilbert's, where the prisoner raises a claim based on a new rule of *statutory* interpretation. Recognizing this apparent gap in the statute, some federal courts of appeals, including the Fourth Circuit, decided that, where a prisoner raised a claim based upon an intervening change in statutory interpretation, which would be barred as a successive petition under § 2255(h), Section 2255 was inadequate to test the legality of his detention, and the prisoner would be permitted to proceed under §2241 through the savings clause if certain criteria were met. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059–1060 (9th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804–805 (6th Cir. 2003); *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333–334 (4th Cir. 2000); *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 378–380 (2nd Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997).

After Gilbert filed his petition, however, the Supreme Court issued its decision in *Jones v. Hendrix*, holding that the savings clause **does not** apply to cases where a prisoner brings a § 2241 petition based on a new rule of statutory interpretation after a prior § 2255 motion; thereby, overruling the above-cited courts of appeals cases. 599 U.S. 465 (2023). Justice Thomas, writing for the Court, stated:

> "The inability of a prisoner with a statutory claim to satisfy [the conditions for bringing a second or successive motion] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case."

*Jones,* 599 U.S. at 480. Put simply, the decision in *Jones* forecloses Gilbert's petition in this Court. This Court lacks jurisdiction to hear Gilbert's claim under § 2241, because, after *Jones*, his petition cannot be asserted through the savings clause. *See Hubbard v. Brown*, No. 23-6023, 2023 WL 4839396, at *1 (4th Cir., July 28, 2023) ("The United States Supreme Court recently held that '§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act of 1996]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition.'") (quoting *Jones,* 599 U.S. at 477-78). Accordingly, the undersigned **FINDS** that Gilbert's petition must be dismissed for lack of jurisdiction.

### IV.  Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**; Gilbert's petition, (ECF No. 1), be **DISMISSED**, without prejudice; and this matter be removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed

Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: September 21, 2023

Cheryl A. Eifert
United States Magistrate Judge